NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1172
_____

UNITED STATES OF AMERICA

v.

LORENZO HARDWICK,
                    Appellant
_____

No. 10-1280
_____

UNITED STATES OF AMERICA

v.

ALLEN RESTO,
a/k/a Tito Allen,
                    Appellant
_____

Appeal from the United States District Court for
the District of New Jersey
District Court Judge Robert B. Kugler
Criminal Nos. 02-CR-684-005 and 02-CR-684-003

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2011

Before: McKEE, *Chief Judge*, FUENTES and COWEN, *Circuit Judges*

(Filed: November 21, 2011)

1

Brian S. O'Malley, Esq.
P. O. Box 183
Haddon Heights, New Jersey 08035
     *Attorney for Allen Resto*

Paul A. Sarmousakis, Esq.
454-24th Street
P.O. Box 2
Avalon, New Jersey 08220-0002
     *Attorney for Lorenzo Hardwick*

Paul J. Fishman, Esq.
John E. Clabby, Esq.
United States Attorneys' Office
970 Broad Street
Newark, New Jersey 07102-2535
     *Attorneys for Appellee*

_____

OPINION
_____

McKEE, Chief Judge

Lorenzo Hardwick and Allen Resto each appeal their convictions and the sentences imposed following our remand. We previously affirmed their convictions, but remanded for limited resentencing. *See United States v. Hardwick*, 544 F.3d 565 (3d Cir. 2008). For the reasons that follow, we will affirm the district court's refusal to broaden the scope of the remand as requested by Hardwick and Resto at the resentencing, and we will also affirm the sentences that the court imposed.[1]

**I.**

---

[1] We have jurisdiction to review a challenge to sentencing pursuant to 18 U.S.C. § 3742(a).

2

In rejecting the majority of claims Appellants raised in their initial appeal, we explained that we would nevertheless remand for re-sentencing on only one of the Counts of conviction under 18 U.S.C. § 924(c), consistent with the Justice Department's policy memorandum. *Id.* at 574-75.

Despite that limitation, Hardwick and Resto insisted on making numerous arguments that clearly exceeded the scope of the limited remand.[2] However, the district court correctly interpreted our judgment and limited the proceedings to resentencing for a single violation of § 924(c) for both Hardwick and Resto.

Hardwick now argues that the district court erred by limiting the resentencing to Count V, by imposing a consecutive sentence on Count V, by using U.S.S.G. § 2D1.1(D)(1) and applying the first degree murder cross-over under U.S.S.G. §2A1.1, and thereby imposing an unreasonable sentence.[3]

Resto argues that the district court erred by not resentencing him on Count I, and by applying the enhancements found in U.S.S.G. §§ 2A 1.1, and 2D1.1. He also argues

---

[2] In challenging their convictions, Hardwick claims a double jeopardy violation and a nonunanimous jury, and Resto argues lack of jurisdiction pertaining to Count IV. Those claims are clearly beyond the scope of the remand. The district court correctly ignored them, and we will not address them either.

[3] Hardwick also attempted to present an ineffective assistance of counsel claim. It is well established that claims of ineffective assistance of counsel are not entertained on direct appeal, absent a narrow exception when the record is sufficient to allow a determination of ineffective assistance of counsel. *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). Although Hardwick argues that we can decide this question as a matter of law on the record before us, that is clearly not the case. Accordingly, we refuse to address claims of ineffective assistance of counsel here.

that the court erroneously calculated the amount of drugs attributable to him, erred in calculating his criminal history, and imposed an unreasonable sentence.

## II.

It is well-established that the district courts do not have authority to deviate from the specific mandate of an appellate court. *See Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948). The "trial court must 'implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991). Absent change of controlling law, new evidence, or error, the prior decision should continue to govern the same issues in subsequent stages of the same case. *Scheafnocker v. C.I.R.*, 642 F.3d 428, 433 (3d Cir. 2011). In addition, Appellants may not litigate issues that could have been raised but were not raised on a prior appeal. *Skretvedt v. E. I. DuPont De Nemours*, 372 F. 3d 193, 203 (3d Cir. 2004).

We have reviewed the sentencing hearing and find no error in the sentencing procedure on remand. Moreover, the sentence that was imposed is certainly reasonable given the seriousness of the criminal conduct and all of the other factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553 ("A district court to which a case is remanded . . . shall resentence a defendant in accordance with section 3553.").

We also reject Hardwick's attempt to derive some benefit from the Fair Sentencing Act of 2010. That Act may not be "applied retroactively to authorize the District Court to impose a sentence below the prescribed mandatory minimum prison

4

term in effect at the time" of original sentencing. *United States v. Reevey*, 631 F.3d 110, 111 (3d Cir. 2010).

For the reasons stated above, we affirm the district court's Judgments on Re-Sentencing.