**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-4759**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILLIE BARRETT,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:04-cr-00087-H-3)

---

Submitted:  May 31, 2017          Decided:  June 8, 2017

---

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James C. White, Michelle M. Walker, PARRY TYNDALL WHITE, Chapel Hill, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Barrett appeals the district court's judgment revoking his supervised release for his prior federal crack cocaine conviction and sentencing him to 40 months in prison. Barrett's sole appellate contention challenges the district court's classification of his prior crack offense as a Class A felony. According to Barrett, in light of changes to the federal sentencing regime effectuated by the Fair Sentencing Act of 2010 (FSA), *see* Pub. L. No. 111-220, 124 Stat. 2372 (2010), his prior crack offense should have been classified a Class B felony. This, in turn, would reduce the policy statement range applicable to Barrett's supervised release revocation, as well as the statutory maximum term of imprisonment that the court could have imposed upon revoking his supervised release. For the reasons that follow, we reject this contention and affirm the revocation judgment.

We review Barrett's argument for plain error only because he did not press it in the district court, *see Henderson v. United States,* 133 S. Ct. 1121, 1124-25 (2013), and did not argue for a different sentence, *see United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010) (noting that request for different sentence precludes plain error review). To establish plain error, the defendant must show "(1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." *Henderson*, 133 S. Ct. at 1126 (alteration and internal quotation marks omitted). Even if these requirements are met, we will notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1126-27 (alteration and internal quotation marks omitted). When reviewing a revocation sentence, we will affirm if the sentence is within the

2

statutory limits and not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006).

Having fully considered Barrett's argument, we conclude that the district court did not commit error, plain or otherwise, in sentencing Barrett pursuant to the law in effect at the time of his 2005 original sentencing. First, the FSA does not apply retroactively to defendants like Barrett who were originally sentenced prior to the FSA's August 3, 2010 effective date. *Dorsey v. United States*, 132 S. Ct. 2321 (2012);[*] *United States v. Bullard*, 645 F.3d 237, 248-49 (4th Cir. 2011). Second, the imposition of a new sentence upon revocation of supervised release relates back to the first offense for which the defendant was convicted, *Johnson v. United States*, 529 U.S. 694, 701 (2000), and the revocation sentence is limited "to the duration of the term of supervised release originally imposed," *id*. at 712. As the Third Circuit has explained, because a supervised release revocation sentence relates to the original offense of conviction, the district court "look[s] to the underlying offense as it existed at the time of [the defendant's] original sentencing" when determining the appropriate revocation sentence. *United States v. Turlington*, 696 F.3d 425, 427-28 (3d Cir. 2012); *accord United States v. Johnson*, 786 F.3d 241, 244-46 (2d Cir.), *cert. denied*, 136 S. Ct. 202 (2015). In light of these authorities, we conclude that, in determining the sentencing range for his supervised release violation, the district

---

[*] The Supreme Court opined in *Dorsey* that "the Fair Sentencing Act's new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders." *Dorsey*, 132 S. Ct. at 2335. Barrett was sentenced for his original offense in October 2005, well before the FSA took effect.

court properly treated Barrett's prior crack offense as a Class A felony, as it was under the statutory scheme prior to enactment of the FSA.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*