# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4130

_____

United States of America,

*Plaintiff - Appellee,*

v.

George Eli Brown,

*Defendant - Appellant.*

_____

No. 16-4160

_____

United States of America,

*Plaintiff - Appellee,*

v.

George Brown, Jr.,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: February 6, 2018
Filed: February 9, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

These consolidated appeals arise from George Brown's convictions and sentence on drug charges and the revocation of his supervised release on a 2006 conviction. In the first of these consolidated cases, Brown challenges the district court's[1] denial of his motion to suppress evidence discovered as a result of a traffic stop, as well as the drug-quantity findings used for sentencing. Upon careful review, we affirm the denial of the motion to suppress. *See United States v. Chartier*, 772 F.3d 539, 543 (8th Cir. 2014) (standards for reviewing denial of suppression motion and underlying findings); *see also United States v. Smith*, 789 F.3d 923, 929 (8th Cir. 2015) ("great deference" to district court's credibility findings); *United States v. Stachowiak*, 521 F.3d 852, 856 (8th Cir. 2008) (explaining that staleness of information depends on "the context of a specific case and the nature of the crime under investigation"). With respect to the sentencing issue, we enforce the appeal waiver in Brown's plea agreement. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waivers).

_____

[1] The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Shirley Mensah, United States Magistrate Judge for the Eastern District of Missouri.

In the second of these consolidated cases, Brown challenges the length of his revocation sentence, and he argues that the district court[2] improperly denied him counsel at the revocation hearing. As to the length of the revocation sentence, we conclude that Brown's sentence does not exceed the statutory maximum, because his underlying offense was a Class A felony at the time of his original conviction. *See* 18 U.S.C. § 3583(e)(3); 18 U.S.C. § 3559(a)(1) (2006); 21 U.S.C. § 841(b)(1)(B)(iii) (2006); *accord United States v. Johnson*, 786 F.3d 241, 245 (2d Cir. 2015); *United States v. Turlington*, 696 F.3d 425, 427-28 (3d Cir. 2012). As to the district court's handling of Brown's revocation hearing, we conclude that reversal is not warranted because the right to counsel in this context is statutory, not constitutional, *see* 18 U.S.C. § 3006A(a)(1)(E); *United States v. Owen*, 854 F.3d 536, 541-42 (8th Cir. 2017), and Brown has not shown that any violation of his statutory right to counsel resulted in prejudice to him, *cf. Njoroge v. Holder*, 753 F.3d 809, 812 (8th Cir. 2014) (requiring showing of prejudice before reversing for possible violation of statutory right to counsel in immigration context).

The judgments are affirmed.

_____

_____

[2]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.