RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0034p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

  *v.*

AARON J. WOODS,

    *Defendant-Appellant.*

No. 19-5685

─────────────

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:00-cr-00074-2—Joseph H. McKinley, Jr., District Judge.

Decided and Filed: February 4, 2020

Before: GILMAN, McKEAGUE, and KETHLEDGE, Circuit Judges.

─────────────

## COUNSEL

**ON BRIEF:** Frank W. Heft, Jr., Laura R. Wyrosdick, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant. Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

─────────────

## OPINION

─────────────

McKEAGUE, Circuit Judge. Before us is an appeal under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Defendant Aaron Woods, currently serving a sentence for a revocation of his supervised release, challenges the district court's decision denying him a sentence reduction. Woods argues that he is eligible for a reduction under the First Step Act and that the district court abused its discretion in denying one. Although eligible for consideration of a reduction, Woods is not entitled to one, so we therefore affirm.

## I. Background

In 2001, Aaron Woods pled guilty to conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2); aiding and abetting possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 3); aiding and abetting possession with intent to distribute marijuana, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 4); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5). The parties stipulated to Woods's possession of 125 grams of crack cocaine, .73 grams of powder cocaine, and 660.1 grams of marijuana. Under the United States Sentencing Guidelines at the time, Woods's presentence report recommended a range of 121 to 151 months of imprisonment and an additional mandatory 60-month consecutive term for the firearm charge. The district court sentenced Woods to 121 months as to Counts 1 and 2 and 120 months as to Counts 3 and 4, all to be served concurrently. In addition, Woods received the consecutive 60-month sentence for the firearm charge, resulting in a total of 181 months followed by a 5-year term of supervised release. In 2008, in response to amendments to the sentencing guidelines, the district court reduced Woods's sentence from 181 months to 120 months, still with the 5-year term of supervised release.

Woods began his supervised release in 2015 but, while on release, he tested positive for cocaine and marijuana, and he pled guilty to new felony state charges—trafficking in controlled substances, possessing a handgun, and tampering with physical evidence. Following a revocation hearing, the district court revoked Woods's supervised release and imposed a 37-month sentence—the sentence that Woods is currently serving.

After the passage of the First Step Act in 2018, Woods moved pro se to reduce his sentence. In accordance with procedures established for individuals potentially subject to sentence modifications under the First Step Act, the district court denied Woods's motion but ordered the probation office to file a memorandum of recalculation. The probation office concluded that Woods was not entitled to a sentence reduction. Woods, now through counsel, objected to the probation office's recommendation, noting that he had already served out his

original sentence. Unpersuaded, the district court denied a sentence reduction, and Woods timely appealed.

## II. Analysis

On appeal, we must answer two questions. First, whether Woods is eligible under the First Step Act for a reduction. Second, whether Woods is entitled to a sentence reduction. Starting with eligibility, several hurdles present themselves before a defendant is even deemed eligible for a sentence reduction under the First Step Act. And these hurdles come by way of sentencing developments over the last decade.

The Fair Sentencing Act of 2010 "legislatively modified the statutory range for crack cocaine convictions." *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (per curiam); Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372. It increased the amount of crack cocaine necessary to trigger the 10-year mandatory minimum sentence from 50 grams to 280 grams. *Id.*; 21 U.S.C. § 841(b)(1)(A)(iii). This amendment would have made a difference for Woods since he pled guilty to possessing 125 grams of crack cocaine. But the Fair Sentencing Act did not apply retroactively. *See Beamus*, 943 F.3d at 791; *United States v. Blewett*, 746 F.3d 647, 651 (6th Cir. 2013).

Then came the First Step Act, which allows courts to apply § 2(a) of the Fair Sentencing Act retroactively. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222; *Beamus*, 943 F.3d at 791. There are two limits, however. *Beamus*, 943 F.3d at 791. Defendants may not seek resentencing if either (1) their sentence was imposed or already modified under the Fair Sentencing Act of 2010, or (2) they lost a prior motion under the First Step Act "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222. Neither limit applies to Woods.[1]

---

[1]In 2008, the district court reduced Woods's sentence under 18 U.S.C. § 3582(c)(2) based on a 2007 amendment to the crack-cocaine guidelines that retroactively reduced Woods's crack sentence to the mandatory minimum of 120 months. But this was not a sentence reduction under the Fair Sentencing Act of 2010. In 2011, the probation office prepared a report considering whether Woods was eligible for a further reduction under the Fair Sentencing Act and related sentencing guidelines amendments. The report concluded Woods was not eligible, and the district court denied a reduction. We affirmed. *United States v. Woods*, No. 12-5177 (6th Cir. Oct. 21, 2013). This likewise was not a sentence "previously imposed or previously reduced" in accordance with the Fair

Thus, so far, Woods has cleared the initial hurdles to eligibility under the First Step Act. But there is one additional hurdle that our circuit has yet to consider: whether Woods, currently serving a sentence for a revocation of supervised release, is eligible. The government in its initial brief argued that Woods is not because he is serving a sentence for violating his supervised release. The government then withdrew this argument. As it should have.

The First Step Act allows for resentencing for a "covered offense," which "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act § 404(a), 132 Stat at 5222 (internal citation omitted). Woods pled guilty to aiding and abetting possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1)—a federal criminal statute, the statutory penalties for which were modified by § 2 of the Fair Sentencing Act. But Woods has already served his 120-month sentence and is currently serving a postrevocation sentence. So the question remains whether his current sentence is one for a "covered offense" under the First Step Act. It has to be.

"[P]ostrevocation penalties relate to the *original* offense[.]" *Johnson v. United States*, 529 U.S. 694, 701 (2000) (emphasis added). And treating "revocation and reimprisonment as punishment for the violation of the conditions of supervised release" would raise "serious constitutional questions," such as double jeopardy concerns. *Id.* at 700. In a coincidentally similarly named decision, *United States v. Johnson*, our circuit has extended these principles when considering a district court's imposition of a postrevocation sentence, finding that such a sentence is "part of the penalty for the original offense[.]" 640 F.3d 195, 203 (6th Cir. 2011).

Given that Woods's current 37-month sentence relates to his original offense under 21 U.S.C. § 841(a)(1)—a First Step Act "covered offense"—Woods is eligible for resentencing (although not necessarily entitled to resentencing). The Fourth Circuit, the only other circuit to have considered this issue, arrived at the same conclusion. *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019) ("And given that [the defendant's] revocation sentence is part of the

Sentencing Act. Finally, the district court did not conduct a merits review of Woods's pro se motion under the First Step Act. Instead, the district court denied the motion without prejudice so it could follow its own procedures for determining First Step Act resentencing requests. Therefore, no limits listed in § 404(c) of the First Step Act apply to Woods's eligibility.

penalty for his initial offense, he is still serving his sentence for a 'covered offense' for purposes of the First Step Act. Thus, the district court had the authority to consider his motion for a sentence reduction, just as if he were still serving the original custodial sentence.").

As a final note regarding eligibility, Woods argues that "[i]nsofar as the district court found that Mr. Woods's current sentence 'is punishment for his violation conduct,'" and reason enough to deny a reduction, "the court misapplied the correct legal standard because he is eligible for a sentence reduction under the First Step Act." This misconstrues the district court's order. The district court did not find Woods ineligible under the First Step Act due to the fact Woods is currently serving a postrevocation sentence. Rather, the district court assumed eligibility and considered factors that weighed in favor or against granting a sentence reduction. And it treated Woods's violation conduct as one factor in the analysis, not an independent and dispositive reason for denying a reduction.

This brings us to our next question of whether the district court erred in denying Woods a sentence reduction. On this issue, Woods makes two arguments. First, the district court erred in failing to consider that Woods had already served out his sentence. And second, the district court gave too much weight to his state-court felony convictions in denying a reduction. Here, we review the district court's decision for abuse of discretion. *See Beamus*, 943 F.3d at 792; *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). Both of Woods's arguments fall short.

First, despite Woods's contention, we find that the district court did take into account that Woods has already "overserved" his original sentence. There is "sufficient evidence in the record to affirmatively demonstrate the court[]" considered Woods's "overservice." *See United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006) (quoting *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006)). The district court acknowledged that defense counsel objected to the memorandum of recalculation by arguing that, had "Woods not served out, his original sentence would have been reduced by approximately 50 months." Indeed, the district court recognized that Woods received "a greater sentence than may have been imposed had the Fair Sentencing Act's statutory provisions been applied at sentencing." Yet, unpersuaded by Woods's arguments, the district court found instead that the felony crimes committed on

supervised release and the ongoing pattern of drug involvement and weapon possession indicated that the original sentence was not sufficient to promote respect for the law, protect the public, or adequately afford deterrence.

Second, the district court did not put too much emphasis on Woods's state-court convictions. To make his argument, Woods cites to U.S.S.G., Chapter 7, Part A, 3(b), which provides that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." However, Chapter 7 of the guidelines applies to sentencing upon a supervised release revocation, not a resentencing under the First Step Act. And even if it did, the district court considered other factors warranting denial of a reduction, including respecting the law, protecting the public, and adequately deterring similar conduct. We find no abuse of discretion in the district court's decision. *See United States v. Phinazee*, 515 F.3d 511, 521 (6th Cir. 2008).

For these reasons, we affirm.