NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0288n.06

No. 19-5707

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

May 22, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| TYRONE ROBINSON, | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS, McKEAGUE, and WHITE, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Tyrone Robinson appeals the district court's decision to grant in part and deny in part his motion for a sentence reduction pursuant to the First Step Act of 2018 ("First Step Act"). The district court determined that Robinson was eligible for relief under section 404 of the First Step Act, which made certain provisions of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") retroactively applicable to defendants sentenced prior to enactment of the Fair Sentencing Act. The district court, nevertheless, declined to reduce Robinson's 180-month term of imprisonment, instead reducing his term of supervised release from four years to three years. Robinson now appeals, arguing that the district court abused its discretion by imposing an unreasonable sentence. We find that the district court appropriately acted within its discretion in imposing Robinson's modified sentence. Accordingly, we affirm.

I.

In 2006, Tyrone Robinson pled guilty to possession of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He faced a statutory range of five- to

forty-years' imprisonment and an advisory Guidelines range of 188 to 235 months' imprisonment. Accepting the parties' joint recommendation, the district court varied downward from the Guidelines and imposed a 180-month term of imprisonment, followed by four years of supervised release.

In 2018, while Robinson was serving his term in prison, the First Step Act was enacted. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act allows courts to retroactively apply portions of the Fair Sentencing Act to defendants who were sentenced before enactment of the Fair Sentencing Act and, therefore, did not receive the benefits of its reduction to statutory penalties for certain crack cocaine offenses. *Id.* § 404, 132 Stat. at 5222. Under section 404(b), district courts "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."[1] As section 404(c) specifies, however, "[n]othing in [section 404(b)] shall be construed to require a court to reduce any sentence pursuant to [that] section."

In March 2019, Robinson filed a motion claiming that he was eligible for relief under the First Step Act. Robinson argued that his drug offense was a "covered offense" under the First Step Act because section 2 of the Fair Sentencing Act modified the statutory penalties for violations of 21 U.S.C. § 841. The government agreed that Robinson was eligible for relief, but it noted that any reduction in Robinson's sentence was left to the district court's discretion. The district court determined that Robinson was indeed eligible for resentencing under the First Step Act and held a hearing.

---

[1] Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger mandatory-minimum penalties, while section 3 eliminated the mandatory minimum for simple possession of crack cocaine. Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010).

The district court agreed with the parties that, after application of the First Step Act, Robinson's advisory Guideline range became 151 to 188-months' imprisonment. The court assessed "the nature and circumstances of [Robinson's] offense and [his] history and characteristics" pursuant to 18 U.S.C. § 3553(a)(1). DE 65, Order, Page ID 120. It concluded that Robinson's crack offense was "grave" and "require[d] significant deterrence." *Id.* The court also noted Robinson's 2017 conviction for possessing contraband in prison—which resulted in 24 months of additional time in prison, to be served consecutively to Robinson's original 180-month sentence—and found it "reflect[ed] disrespect for the law and weigh[ed] in favor of a longer sentence." *Id.* at 118, 121.

Although the district court viewed Robinson's participation in prison educational programs and his community college aspirations as weighing in favor of a reduced sentence, it believed the contraband conviction showed a "need to protect the public from [Robinson]." *Id.* at 121. It also found that Robinson's original 180-month sentence—which was a downward departure from the sentencing range of 188 to 235 months—reflected "more equitable sentencing of cocaine offenses than may have generally been the case before the Fair Sentencing Act." *Id.* at 122. Accordingly, the court declined to reduce Robinson's term of imprisonment but lowered his term of supervised release from four years to three years. Robinson timely appealed.

II.

Robinson claims that his sentence is procedurally and substantively unreasonable because, he argues, the district court (1) gave an unreasonable amount of weight to his prison conviction, and (2) arbitrarily based its decision on the assumption that the original sentence was equitable in

the first instance.[2]   The government claims that we lack jurisdiction to consider Robinson's reasonableness arguments and alternatively contends that Robinson's challenges fail on the merits.

A.

After briefing in this case was completed, our court clarified that we have jurisdiction to hear appeals of First Step Act modified sentences under 28 U.S.C. § 1291, *United States v. Marshall*, 954 F.3d 823, 827–29 (6th Cir. 2020), and we have authority to consider reasonableness challenges to such modified sentences under 18 U.S.C. § 3742(a)(1), *United States v. Foreman*, __F.3d__, 2020 WL 2204261, at *7 (6th Cir. May 7, 2020).   In the end, we review the district court's imposition of a modified sentence under the First Step Act for abuse of discretion.  *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020); *see also United States v. Smith*, __F.3d__, 2020 WL 2503261, at *1–3 (6th Cir. May 15, 2020) (reviewing the *denial* of a First Step Act motion for abuse of discretion).

B.

We find that the district court acted within its discretion when it declined to reduce Robinson's 180-month term of imprisonment and reduced his term of supervised release from four to three years.  The First Step Act, by its express terms, did not require the district court to grant Robinson any relief.  § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")  Even when a defendant is eligible for a sentence reduction under the First Step Act, the district court may deny his motion to reduce his sentence.  *See United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) ("That [a defendant]

---

[2] Although Robinson also nominally invokes "procedural[]" reasonableness, CA6 R. 12, Appellant Br., at 16, his arguments focus on the purported substantive unreasonableness of his sentence.  *See United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (explaining that a sentence may be substantively unreasonable if the district court "selects [the] sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor").

is eligible for resentencing does not mean he is entitled to it. The First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion."). The district court here chose to grant such discretionary relief, but not to the extent Robinson wanted. Yet Robinson fails to identify any abuse of discretion. "The mere fact that [Robinson] desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

The court properly calculated Robinson's new Guidelines range, weighed competing factors—such as Robinson's participation in educational programs versus his conviction for possessing contraband in prison—and considered the nature of his offense and his criminal history. The district court carefully examined these considerations in its order and sufficiently explained its rationale for declining to reduce Robinson's term of imprisonment. *See Smith*, 2020 WL 2190770, at *5.

Although the district court placed considerable weight on Robinson's prison conviction— for which Robinson already received an additional 24-month sentence—the district court explained its reason for assigning so much weight to this factor: the need to protect the public from Robinson. *Cf. United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011) (holding that a district court may assign additional weight to a factor already addressed in the Guidelines "so long as the court explains why the circumstance warrants additional weight" with respect to the defendant). And the prison conviction was not the only factor that the district court found to weigh in favor of a longer sentence; it also considered the seriousness of Robinson's original offense.

The fact that Robinson's 180-month term of imprisonment fell within his newly calculated Guidelines range further bolsters the reasonableness of the district court's decision. *See United States v. Ushery*, 785 F.3d 210, 223 (6th Cir. 2015) ("[W]e may presume that sentences within the

Guidelines are reasonable . . . ."). While Robinson contends that the district court should not have based its decision on the assumption that Robinson's original, below-Guidelines sentence was equitable, he cites no authority suggesting that a district court in a First Step Act proceeding may not weigh the severity or leniency of a defendant's original sentence. And, once again, this was not the only factor upon which the district court based its decision.

The district court, therefore, did not abuse its discretion in declining to reduce Robinson's term of imprisonment while reducing his term of supervised release.

### III.

Based on the foregoing, we affirm.