NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0310n.06

No. 19-2044

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | May 29, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CRAIG EDWARD HUNNICUTT, JR., | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, GRIFFIN, and LARSEN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Craig Hunnicutt appeals the district court's denial of his motion for a sentence reduction pursuant to the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. We dismiss the appeal because it does not fall within the narrow class of cases for which we may order relief under 18 U.S.C. § 3742.

I.

In 2006, Hunnicutt pleaded guilty to possessing with intent to distribute five or more grams of cocaine base and to possessing a gun in furtherance of that crime. The district court sentenced defendant to 204 months' imprisonment.

Hunnicutt did not appeal his conviction or sentence, but in the years to come, he moved the district court several times for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

The first time, the district court found him eligible for a reduction, but declined to modify his sentence based in part on defendant's conduct in prison, which included disciplinary sanctions for carrying an 8-inch metal shank, possession of intoxicants, and lying to staff. It was much the same two years later, when the district court denied Hunnicutt's second motion for a sentence reduction, as the court expressed a continued belief that defendant was "a threat to society." After defendant filed his third motion, the court's probation officer recommended that Hunnicutt's sentence be reduced from 204 months' imprisonment to 144 months' imprisonment. The district court was not swayed, however:

> After considering Defendant's request, his criminal conduct, his continuing breaking of the rules, his danger to the community, the nature of his original offenses, and the facts and circumstances set forth in his original Presentence Investigation Report, this Court has decided that it will not reduce Defendant's sentence.

> After Congress passed the First Step Act, Hunnicutt moved to reduce his sentence a fourth

time. Once again, the court recognized that defendant was eligible for a sentence reduction but denied relief:

> As Defendant and the Government note, Judge Jonker and the undersigned have denied Defendant's requests for sentence reductions three times, each time citing Defendant's history and propensity for violent and threatening behavior. Upon consideration of Defendant's and his counsel's arguments, the Court finds nothing in their submissions that persuades the Court to depart from its prior determinations. In addition, the Court notes that Defendant remains incarcerated at a Bureau of Prisons facility that houses inmates that are extremely dangerous or violent.

> Accordingly, Defendant's Motions for Modification or Reduction of Sentence Under the First Step Act are **DENIED**.

Record citations omitted. Hunnicutt timely appealed the district court's order.

## II.

### A.

As a threshold issue, we must determine whether we have jurisdiction over this appeal.

In *United States v. Bowers*, we held that 18 U.S.C. § 3742 limited our ability to review appeals of an "otherwise final sentence." 615 F.3d 715, 718 (6th Cir. 2010). In so deciding, we conceptualized § 3742 as a *jurisdictional* limit on appellate review. In other words, because § 3742 was intended to be "the exclusive avenue through which a party can appeal a sentence," we reasoned that a criminal defendant could not invoke 28 U.S.C. § 1291 "to circumvent the conditions imposed by 18 U.S.C. § 3742." *Id.* at 719 (citations omitted). Thus, the government contends that our jurisdiction is limited to the extent provided by § 3742(a), and that like *Bowers*, defendant's appeal does not fit within any of the four categories delineated therein.

However, we recently clarified in *United States v. Marshall* that § 3742(a) does not limit our subject-matter jurisdiction, but rather, it "confin[es] our power to grant certain types of relief in sentencing appeals." 954 F.3d 823, 829 (6th Cir. 2020). To put it differently, § 3742 imposes "a mandatory limit on our power, not a subject-matter jurisdiction limit on our power." *Id.* at 827. Given this understanding, we concluded that "Section 1291 . . . remains the main source of our subject-matter jurisdiction in these appeals." *Id.* at 831. In closing, we noted that we were not deciding whether appellate courts have authority to review First Step Act appeals. *Id.* Whether we have authority to review such appeals or not, we explained that the issue "is not one that turns on the subject-matter jurisdiction of the federal courts." *Id.* Consistent with *Marshall*, we hold that 28 U.S.C. § 1291 provides subject-matter jurisdiction over Hunnicutt's appeal.

B.

"While we have subject matter jurisdiction over the appeal under § 1291, it does not follow that we necessarily have authority to grant relief." *Id.* at 829. In other words, even if § 3742 does not circumscribe our jurisdiction, it may still limit our authority to order relief. *See id.* We must thus determine whether Hunnicutt's appeal fits within any of the four scenarios identified by § 3742(a).

Hunnicutt argues that the district court erred by "fail[ing] to recognize the full extent of its discretion." This, he says, is because the district court incorporated its prior orders resolving his motions brought under 18 U.S.C. § 3582(c)(2). Extrapolating from this observation, Hunnicutt speculates that the district court did not understand that it was free to consider other, unspecified factors that it could not have considered in resolving his prior motions.

However, Hunnicutt's appeal cannot be considered to challenge a sentence "imposed in violation of law," as permitted by 18 U.S.C. § 3742(a)(1). As explained in *Marshall*, a district court does not "impose" a sentence by denying a motion for a discretionary sentence reduction. *See* 954 F.3d at 830 ("[I]t makes no sense to say *declining* to modify a sentence 'imposes' a sentence."). For this simple reason, § 3742(a)(1) does not authorize us to order the relief defendant seeks; no sentence was "imposed" upon him as a result of the district court's denial of his motion.[1] Nor does any other provision of § 3742(a) even plausibly provide us with authority under the

---

[1]This distinguishes the case from *United States v. Foreman*, where the district court granted in part a motion brought under the First Step Act, imposed a reduced sentence, and defendant appealed. No. 19-1827, — F.3d —, 2020 WL 2204261 (6th Cir. May 7, 2020). A panel of our court held that it could review the "corrected sentence" because a district court's abuse of the statutory grant of discretion flowing from the First Step Act "amounts to a 'violation of law' giving rise to appellate review under § 3742(a)(1)." *Id.* at *5–7. In a footnote, *Foreman* suggests that the same may be true of *denials* of First Step Act motions, *id.* at *5 n.2, but that statement is dicta, and it appears to be contrary to *Marshall*.

circumstances presented here.  Therefore, Hunnicutt's appeal does not fit within the narrow class

of sentencing appeals for which we may order relief.  This conclusion renders Hunnicutt's appeal

non-justiciable and precludes further review of his arguments.[2]

III.

For these reasons, we dismiss the appeal.

---

[2]Even if we assumed authority to order relief under § 3742(a)(1), it would not benefit Hunnicutt because the district court did not abuse its discretion by adhering to the original sentence imposed upon defendant. *See United States v. Woods*, 949 F.3d 934, 937–38 (6th Cir. 2020).  The district court stated that it had considered Hunnicutt's arguments for a reduced sentence but determined that Hunnicutt was not entitled to relief because of his history of and propensity for violent behavior (as explained in its previous orders denying Hunnicutt's motions for modification of his sentence).  This, coupled with the fact that defendant was housed at a Bureau of Prisons facility designated for extremely dangerous or violent offenders, led the district court to exercise its discretion and deny the motion.  Thus, the district court gave a legitimate reason to deny Hunnicutt's request for a reduced sentence, and we discern no abuse of discretion. *See Marshall*, 954 F.3d at 831; *Woods*, 949 F.3d at 938 (6th Cir. 2020).

LARSEN, Circuit Judge, concurring. As the opinion of the court explains, in *United States v. Marshall*, this court held that 18 U.S.C. § 3742 is not jurisdictional; instead, 28 U.S.C. § 1291 grants us jurisdiction over this appeal. 954 F.3d 823, 829 (6th Cir. 2020). And as the majority opinion also explains, Hunnicutt is not entitled to relief on the merits. I therefore would not reach the question addressed in part II.B. of the majority opinion. I otherwise concur.