FILED
United States Court of Appeals
Tenth Circuit

July 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES HOLLY,

    Defendant - Appellant.

No. 20-3079
(D.C. No. 2:04-CR-20088-JWL-JPO-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

James Holly appeals pro se from a district court order denying his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Construing his pleading liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we decipher his argument as proceeding in two steps. First, he argues that he is eligible for a reduced sentence under the First Step Act.[1] Second, he maintains that this eligibility entitles him to a sentence reduction,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In fact, the district court's order concluded that Holly was "eligible to seek a reduction under the First Step Act." R. vol. 1 at 105. We agree with the reasons provided by the district court in reaching this conclusion.

meaning the district court erred when it ordered otherwise. *See* Opening Br. 2

(arguing that he "is eligible for the first step because he has the covered offense and

the court still denied relief"). But Holly misunderstands the workings of the First

Step Act. Under Section 404(c) of the Act, the district court has discretion whether to

reduce a movant's sentence. Pub. L. No. 115-391, 132 Stat. 5194, 5222, § 404(c)

("Nothing in this section shall be construed to require a court to reduce any sentence

pursuant to this section."). And here, the district court exercised this discretion when

it declined to reduce Holly's sentence.[2] Holly offers nothing to support a ruling that

the district court abused its discretion.[3] In fact, he has not acknowledged that the

district court even possessed that discretion.

---

[2] It did so for three reasons. First, Holly "admitted to conduct involving 288 grams of cocaine base, an amount in excess of even the increased threshold for a 10-year mandatory minimum sentence." R. vol. 1 at 107–08. Second, Holly had continued to use drugs after being released from prison, leading to his supervised release being revoked twice. Thus, "[i]n light of those continued violations, a reduction would not result in a sufficient sentence for defendant's original offense." *Id.* at 108 (citing *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020)). And third, the court concluded that Holly had failed to "offer[] any reason why the Court *should* exercise its discretion to effect his present release from prison, despite the Court's revocation mere months ago." *Id.*

[3] We review a district court's exercise of its discretion under Section 404(c) to deny a movant a reduced sentence for an abuse of discretion. *See, e.g.*, *Woods*, 949 F.3d at 937–38 (reviewing a district court's decision not to reduce a defendant's sentence, despite the defendant's eligibility under the First Step Act, "for abuse of discretion" (citations omitted)); *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019) ("We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." (citing First Step Act § 404(c))); *cf. United States v. Saldana*, 807 F. App'x 816, 818 n.4 (10th Cir. 2020) (unpublished) ("We review for abuse of discretion the district court's decision to deny an authorized sentence reduction." (citation omitted)).

Accordingly, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Entered for the Court


Gregory A. Phillips
Circuit Judge