NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0127n.06

Case No. 22-5171

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 14, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JERRY KAY LOWE, JR.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

---

Before: SUTTON, Chief Judge; SILER and MATHIS, Circuit Judges.

SILER, Circuit Judge. Jerry Kay Lowe, Jr. challenges his revocation sentence. He argues he was not eligible for an enhanced term of imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because his underlying Kentucky offense is no longer a predicate felony. We affirm.

I

In 2011, Lowe pled guilty to possessing ammunition as a felon, and the district court determined he qualified for a 15-year mandatory minimum under the ACCA based on three prior convictions: Tennessee robbery, Tennessee aggravated burglary and aggravated assault, and Kentucky assault. With the government's agreement, the district court departed downward from the minimum and sentenced Lowe to 150 months incarceration with three years of supervised release.

In 2021, Lowe was released from prison and began serving his supervised release term. Shortly after, the government moved to revoke Lowe's supervised release based on a new state charge for drug distribution. During his revocation sentencing, the district court concluded that as an armed career criminal, Lowe's offense of conviction was a Class A felony, which increased his recommended revocation sentence range to 46-57 months imprisonment. The ACCA designation also increased the statutory maximum on revocation to five years. Lowe did not object to his ACCA designation, and the district court sentenced him to 46 months in prison.

II

Under the ACCA, defendants convicted of being a felon in possession of ammunition who also have three prior convictions for either a "violent felony" or "serious drug offense" receive enhanced penalties up to life. 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). Here, between Lowe's original sentencing in 2012 and his revocation sentencing in 2021, the Supreme Court clarified that crimes with a recklessness mens rea are not violent felonies under the ACCA's "use of force" clause. *See Borden v. United States*, 141 S. Ct. 1817 (2021). Thus, because his Kentucky assault conviction could have been committed with a recklessness mens rea, Lowe argues the district court erred in calculating his revocation sentencing range with the ACCA enhancement.

The parties agree, as do we, that the standard of review is plain error because Lowe did not object below. *See, e.g.*, *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). Under plain-error review, the court has discretion to correct an obvious error if it both affects a defendant's substantial rights and "the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Thus, we must ask two questions here: (1) was there obvious error,

and (2) if so, should we exercise our discretion to correct that error. We answer both in the negative.

First, the district court did not obviously err. "[A]n obvious and plain error is one that is clear and uncontroverted at the time of appeal." *United States v. Remble*, 520 F. App'x 436, 441 (6th Cir. 2013) (cleaned up). Here, the best view of the relevant law—far from showing clear and uncontroverted error—is that the law that matters for revocations is the law at the time of conviction. Thus, although the government seems to concede that Lowe's Kentucky assault conviction is not a predicate felony under the ACCA post-*Borden*, Lowe's conclusion—that the district court then necessarily erred during his revocation sentencing—does not follow. The statute, Supreme Court precedent, our precedent, and cases from several other circuits support our conclusion that revocation sentencing hinges on the law at the time of conviction.

Under 18 U.S.C. § 3583(e)(3), a district court's concern at revocation is "the offense that resulted in the term of supervised release." The most natural reading of this provision is that the offense that "resulted" in the supervised release is the offense of conviction. Thus, in *United States v. Jones*, the Third Circuit held that "[e]ven if . . . [a defendant's] original offense would not include an armed career criminal designation under current law, it would have no effect on his revocation sentence because the District Court is not tasked under Section 3583(e) with reconsidering an offender's status as an armed career criminal." 833 F.3d 341, 344 (3d Cir. 2016). If Congress intended district courts to reevaluate the offense of conviction based on intervening law, it easily could have said so, just like it did in the First Step Act. There Congress provided: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020) (quoting First Step Act

of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018)); *United States v. Woods*, 949 F.3d 934, 936–37 (6th Cir. 2020) (explaining the First Step Act allowed reconsideration of original sentence after revocation). Unlike the First Step Act, Congress included no such mandate in § 3583(e)(3).

Supreme Court precedent also supports our holding. In *Johnson v. United States*, the Court reviewed our holding that a district court's revocation sentencing was not an ex post facto application of 18 U.S.C. § 3583(h) because the revocation sentence was punishment for the revocation offenses, not the original offense. 529 U.S. 694, 699–700 (2000). The Court, however, said that this approach raised serious constitutional issues and instead held that revocation sentencing was "part of the penalty for the initial offense." *Id.* We also rely on *McNeill v. United States*, 563 U.S. 816 (2011), for this proposition. There, the Court considered whether a prior state conviction was a "serious drug offense" under the ACCA based on the term of imprisonment at the time of the state conviction or subsequent federal conviction. *Id.* at 817. It held that "the maximum term of imprisonment for a defendant's prior state drug offense is the maximum sentence applicable to his offense when he was convicted of it." *Id.* at 818 (cleaned up). Thus, it did not matter for sentencing under the ACCA that state law had changed in the intervening years because the "ACCA is concerned with convictions that have already occurred." *Id.* at 820; *accord United States v. Clark*, 46 F.4th 404, 408–10 (6th Cir. 2022).

Moreover, Lowe concedes that we have already addressed his argument in *United States v. Hall*, 735 F. App'x 188 (6th Cir. 2008). There the defendant pled guilty to possessing a firearm as a convicted felon and was classified as an armed career criminal based on five prior Tennessee convictions, which made his federal conviction a Class A felony. *See id.* at 190. The district court sentenced Hall to 188 months in prison with three years of supervised release. *Id.* He completed

his custodial sentence but then violated the terms of his supervised release. *Id.* At revocation, the district court applied a statutory maximum of five years for a Class A felony based on Hall's offense of conviction. *Id.* Between the time Hall pled guilty and the time of his revocation sentencing, the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591 (2015). *Hall*, 735 F. App'x at 190. Relying on *Johnson*, Hall argued on appeal that he no longer qualified as an armed career criminal based on his prior state convictions. *Id.* He did not, however, raise this argument at his revocation hearing, and the court declined to exercise its discretionary power of review under the plain error standard. *Id.* Because the facts, legal issue, and procedural posture in *Hall* were nearly identical to Lowe's, we see no obvious reason not to follow *Hall*'s lead here.

Lowe nonetheless argues that *United States v. Haymond*, 139 S. Ct. 2369 (2019), calls into question our reasoning in *Hall*. But in *Haymond*, the Court faced a different issue. There it asked whether a federal statute authorizing a new mandatory minimum sentence of up to life without regard to the penalty authorized by the initial offense was constitutionally valid. The Court's concern was that the increased penalty not only exceeded the penalty for the initial offense but did so based only on a judge's new factual findings by a preponderance of the evidence. *Id.* at 2378. Here, Lowe does not argue that he was entitled to a jury trial at revocation or that the judge used the wrong standard of proof. Instead, the issue is whether the law at the time of conviction governs. And on this point, *Haymond* supports *Hall*'s reasoning because the *Haymond* Court was concerned by an intervening change in law that increased penalties beyond what were available at the time of conviction. In other words, *Haymond*'s inquiry likewise focused on the law at the time of conviction. In fact, *Haymond* quotes *Johnson* for the proposition "that supervised release

punishments arise from and are 'treat[ed] . . . as part of the penalty for the initial offense.'" *Id.* at 2379–80. Thus, Lowe's reliance on *Haymond* is misplaced.

Finally, our sister circuits adjudicating similar issues at revocation have relied on the law at the time of conviction. For instance, in *United States v. Ortiz*, 779 F.3d 176 (2d Cir. 2015), Ortiz pled guilty to being a felon in possession of a firearm and was sentenced under the ACCA with a Class A felony. *Id.* at 178. Between the time of Ortiz's original sentencing and revocation sentencing, the Second Circuit decided *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008), limiting which offenses counted as "serious drug offense[s]" under the ACCA. *Ortiz*, 779 F.3d at 179. At revocation, Ortiz argued that under *Savage*, his prior federal conviction should now be a Class C felony because his underlying state drug offenses no longer qualified. *Id.* The Second Circuit rejected his argument because "the governing law for the post-revocation sentence is the law in effect at the time of the underlying offense." *Id.* at 182. Other circuits have held the same. *See, e.g.*, *United States v. Brown*, 710 F. App'x 722, 723 (8th Cir. 2018) (per curiam) (applying time of conviction rule to revocation of supervised release); *United States v. Barrett*, 691 F. App'x 722, 722–23 (4th Cir. 2017) (per curiam) (same); *United States v. Turlington*, 696 F.3d 425, 427 (3d Cir. 2012) (same).

Based on § 3583(e)(3)'s text and broad support for the time of conviction rule in cases throughout the circuits and the Supreme Court, the district court's alleged error is not obvious, and Lowe cannot overcome the standard of review.

Second, even if the district court did obviously err, we would decline to exercise our discretion to reverse here because Lowe's challenge plausibly amounts to a collateral attack. In *Hall*, we explained that even were we to reach the merits of Hall's argument, he was foreclosed from collaterally attacking his sentence. 735 F. App'x at 190–91. We said there that the proper

remedy was a § 2255 motion to challenge his original conviction. *Id.* at 192; *see also United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007). The Second Circuit took a similar approach in *Ortiz*, explaining that, although an underlying offense may no longer be a "serious drug offense" under the ACCA, the challenge was barred as "a collateral attack on the validity of his original sentence." 779 F.3d at 180.

**AFFIRMED.**