RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0285p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CHARLES A. BEAMUS,

*Defendant-Appellant*.

No. 19-5533

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:02-cr-00089-1—Joseph M. Hood, District Judge.

Decided and Filed:  November 21, 2019

Before:  MOORE, SUTTON, and NALBANDIAN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF AND RESPONSE:**  Alex M. Hyman, Karen R. King, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York, for Appellant.  **ON MOTION TO REMAND:** John Patrick Grant, Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

PER CURIAM.  Charles A. Beamus moved for resentencing under the First Step Act of 2018.  But his career-offender status under the Sentencing Guidelines, the district court ruled, made him ineligible.  That was wrong.  Beamus's extensive criminal history, to be sure, may have something to say about the prudence of granting his resentencing request.  But it has nothing to say about his eligibility for it.  We reverse and remand.

In 2002, a jury convicted Beamus of conspiracy to possess 6.68 grams of crack cocaine with intent to distribute, 21 U.S.C. § 841(b)(1)(B) (2002), along with several related firearms offenses, 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i). This was not Beamus's first encounter with the criminal laws. He had other prior convictions, ranging from the minor (misdemeanor unauthorized use of a motor vehicle) to the major (felony first-degree manslaughter) to many more in between.

The presentence report first calculated Beamus's guidelines range. It noted that the guidelines range for conspiracy to possess crack cocaine is typically set by U.S.S.G. § 2D1.1. But because of his criminal history, the guidelines range came from the "career offender" guideline, § 4B1.1, not the crack cocaine guideline, § 2D1.1. That mattered. Under the crack cocaine guideline, Beamus's guidelines range would have been 120 to 150 months. But because the career offender guideline applied instead, his range became 360 months to life.

The presentence report then calculated Beamus's statutory range. Because he was convicted of conspiracy to possess over five grams of cocaine, that meant his punishment was set by 21 U.S.C. § 841(b)(1)(B) (2002). For first time offenders, that required a sentence of 60 to 480 months. But because the government filed an information under 21 U.S.C. § 851, his criminal history also came into play. As a result, he received a higher statutory range under § 841: 120 months to life.

The judge embraced the findings of the presentence report and settled on a 420-month sentence. Of that penalty, 360 months were for conspiracy to possess crack cocaine (served concurrently with 360 months for a related firearm offenses), while the other 60 months were for another related firearm offense, served consecutively, as required by statute.

Three legal developments since Beamus's sentencing potentially affect his appeal.

*Guidelines range reduction.* The first development is that the Sentencing Commission has lowered the guidelines range imposed for crack cocaine offenses under § 2D1.1 several times. *See, e.g.*, U.S.S.G. amends. 706, 750. Defendants sentenced under the old guidelines may seek resentencing using 18 U.S.C. § 3582(c)(2). That provision states that when a defendant "has been sentenced . . . based on a sentencing range that has subsequently been lowered by the

Sentencing Commission," a court "may reduce the term of imprisonment," so long as doing so is consistent with "applicable policy statements issued by the Sentencing Commission." *Id.*

One difficulty with § 3582(c)(2) comes in identifying what it means for a sentence to be "based on" a guidelines range. *See, e.g.*, *Koons v. United States*, 138 S. Ct. 1783 (2018). We looked at that question in the context of § 2D1.1 in *United States v. Riley*, 726 F.3d 756 (6th Cir. 2013), and *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009). In those cases, defendants convicted of crack cocaine offenses sought resentencing under § 3582(c)(2) based on reductions in the guidelines range imposed by § 2D1.1. But, like Beamus, those defendants qualified as career offenders, so their punishments were set instead by § 4B1.1. We therefore concluded that those defendants were not sentenced "based on" § 2D1.1 within the meaning of § 3582(c)(2), making them ineligible for resentencing under that provision. Perhaps dissuaded by this precedent, Beamus does not seek resentencing under § 3582(c)(2).

*Fair Sentencing Act.* The second development came in the passage of the Fair Sentencing Act of 2010, which legislatively modified the statutory range for crack cocaine convictions. Fair Sentencing Act of 2010, § 2(a), Pub. L. No. 11-220, 124 Stat. 2372, 2372. It increased the quantity of crack cocaine required to trigger a mandatory minimum sentence from 5 grams to 28 grams. *See id.* This change would have made a difference for Beamus, who was convicted of possessing 6.68 grams.

Had Beamus been sentenced *after* the Fair Sentencing Act, his baseline statutory range would have been set by 21 U.S.C. § 841(b)(1)(C) (2010), which would have required between 0 and 30 years of incarceration. But because he was sentenced *before* that Act's passage, his baseline statutory range was instead set by 21 U.S.C. § 841(b)(1)(B) (2002), which imposed a mandatory minimum of 120 months and a maximum sentence of life. Unfortunately for Beamus, this Act does not apply retroactively. *See United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc). So that option, too, is unavailing by itself.

*First Step Act.* The final development is the First Step Act of 2018. That Act permits a court that sentenced a defendant for an offense for which "the statutory penalties . . . were modified" by the Fair Sentencing Act to "impose a reduced sentence as if" the Fair Sentencing

Act were "in effect at the time the covered offense was committed." First Step Act of 2018, § 404(a), (b), Pub. L. No. 115-391, 132 Stat. 5194, 5222. It thus allows courts to apply § 2(a) of the Fair Sentencing Act retroactively. *Cf. United States v. Potter*, 927 F.3d 446, 455 (6th Cir. 2019). The First Step Act imposes two limits on eligibility. Defendants may not seek a reduction if their sentence was already modified to comport with the Fair Sentencing Act. *See* First Step Act of 2018, § 404(c). And defendants may not seek resentencing under the First Step Act if they lost a prior motion after a "complete review of the motion on the merits." *Id.*

Beamus requested resentencing under the First Step Act. The district court denied this request without reaching the merits, concluding that because the Sentencing Guidelines classify Beamus as a "career offender[]," he is "ineligible for [a] sentence reduction[] under the First Step Act." ROA 13 at A-2. Beamus appeals that determination, and the government concedes error.

Rightly so. By its terms, the First Step Act permits Beamus to seek resentencing. He was convicted of an offense for which the Fair Sentencing Act modified the statutory penalty, and he has not received a reduction in accordance with that Act or lost such a motion on the merits. The text of the First Step Act contains no freestanding exception for career offenders. Nor would one expect to see such an exception. It makes retroactive the Fair Sentencing Act's changes to the statutory range for crack cocaine offenses.

Our decisions in *Riley* and *Perdue* do not alter this conclusion. They do not govern resentencing under the First Step Act. They instead interpreted § 3582(c)(2), which, as noted, calls upon district courts to determine which guidelines range defendants' sentences were "based on." Because career-offender status influences which guidelines range a court looks to, it can also influence a defendants' eligibility for resentencing under § 3582(c)(2). The First Step Act, however, contains no similar language. The same logic thus does not apply.

That the government relied on another provision in the penal code, § 851, to introduce evidence about the defendant's prior criminal conduct does not change things either. Beamus's enhanced sentence was still set by § 841, and the penalties for it were legislatively modified by the Fair Sentencing Act.

It's true, as the government notes, that the Fair Sentencing Act's changes to the statutory penalty for Beamus's drug offense also would have affected his guidelines range. But that's happenstance in this instance. Beamus is eligible for resentencing because, and only because, the Fair Sentencing Act modified the statutory range for his offense. That the Sentencing Guidelines also would have applied differently does not affect his eligibility for resentencing.

That Beamus is eligible for resentencing does not mean he is entitled to it. The First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion. *See* First Step Act of 2018, § 404(b); *see also United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). In exercising that discretion, a judge may take stock of several considerations, among them the criminal history contained in the presentence report. How do these considerations play out for Beamus? That's a question only the district court can answer. We reverse and remand to give it the opportunity to do so.