**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020[*]
Decided January 22, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1914

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 96-20044 |
| CHRISTOPHER HAMILTON <br> *Defendant-Appellant*. | Harold A. Baker, <br> *Judge*. |

**O R D E R**

Christopher Hamilton, who had been convicted of serious drug charges, jointly moved with the government under the First Step Act to reduce his life sentence to time served. The district court granted the motion and, over Hamilton's objection, imposed eight years of supervised release. Hamilton appeals, arguing for the first time that the First Step Act mandates the district court to conduct a plenary resentencing hearing. We affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Hamilton was convicted in 1996 of possessing 250 grams of crack-cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Because he had two prior felony drug convictions, the district court sentenced him to a statutory minimum term of life in prison. *See id.* § 841(b)(1)(A)(iii) (1994).

In 2010, Congress enacted the Fair Sentencing Act, which reduced the sentencing disparity in § 841 between offenses involving powder cocaine and those involving cocaine base ("crack"). Fair Sentencing Act, sec. 2, 3, § 401(b)(1), 124 Stat. 2372 (2010) (codified in 21 U.S.C. § 841(b)(1)(A)(iii)). The Act modified § 841(b)(1)(A) to increase the quantity of crack—from 50 to 280 grams—necessary to trigger the subsection's statutory penalties. In 2018, passage of the First Step Act made this provision of the Fair Sentencing Act retroactive to crack-offense defendants sentenced before August 3, 2010. *See* Pub. L. No. 115-391, 132 Stat. 5194, § 404 (2018). Specifically, § 404(b) of the First Step Act provides that the district court "may, on motion of the defendant … impose a reduced sentence" as if the defendant had been sentenced with the benefit of the higher threshold drug quantities. Because Hamilton's 1996 conviction involved less than 280 grams of crack, § 404(b) rendered him eligible for a sentence reduction.

Hamilton, assisted by recruited counsel, and the government then jointly moved to reduce his sentence to time served (23 years), but they disagreed over the appropriateness of supervised release. The government sought eight years of supervision based on Hamilton's disciplinary record in prison; Hamilton countered that he should have no supervised release because his time served already had extended beyond the high end of his revised guidelines range by more than eight years.

To resolve the disagreement, the district court held a hearing, with Hamilton appearing telephonically and his recruited lawyer appearing in person. (Hamilton did not object to this arrangement.) The court granted the parties' joint motion and reduced Hamilton's sentence to time served. But the court also imposed an eight-year term of supervised release—not to punish Hamilton, but to "afford an opportunity for rehabilitation and behavior modification."

Hamilton devotes most of his appellate brief to arguing, for the first time, that the district court, under the First Step Act, should have conducted a full, plenary resentencing hearing. Had it done so, he continues, the court would have had to analyze anew whether any of his prior state drug convictions constituted a serious drug felony under § 841(b)(1)(B). (Under § 841(b)(1)(B), a defendant who was previously

convicted of a serious drug felony is subject to at least eight years of supervised release in addition to the prison term). The court, Hamilton maintains, necessarily would have found that none of his prior convictions qualified as a serious felony, and therefore he should not have been subject to the statutory minimum term of supervised release.

But Hamilton forfeited this argument by not raising it first in the district court, so we review it only for plain error. *See United States v. Olano*, 507 U.S. 725, 732–37 (1993); *United States v. Pankow*, 884 F.3d 785, 790–91 (7th Cir. 2018). Under that standard of review, we will reverse only if the district court committed a clear or obvious error that affected a defendant's substantial rights and impugns the fairness, integrity, or public reputation of the proceedings. *See Pankow*, 884 F.3d at 791.

Whether a sentence modification under the First Step Act requires a plenary resentencing hearing, however, is an argument we have yet to address, and we "rarely" find plain error on matters of first impression because they "are unlikely to be that obvious." *United States v. Ramirez*, 783 F.3d 687, 695 (7th Cir. 2015). Nevertheless, nothing in the First Step Act requires a district court to hold any sort of hearing. Case law on the matter is sparse, but one circuit has held that a plenary resentencing is not allowed. S*ee United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (The district court "plac[es] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act."). Two other circuits leave the choice whether to resentence to the district court's discretion. *See United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (district court's discretion to resentence allows consideration of a defendant's criminal history as reflected in presentence report); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019). Based on the language of § 404(b) of the First Step Act that "[a] court … may … impose a reduced sentence," the district court did not plainly err by reducing Hamilton's sentence without a plenary resentencing.

To the extent Hamilton challenges his eight-year term of supervised release, the district court did not err because that is the statutory minimum term under 21 U.S.C. § 841(b)(1)(B).

We have considered Hamilton's remaining arguments, and none has merit.

AFFIRMED