**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3172
_____

UNITED STATES OF AMERICA

v.

LORENZO HARDWICK, a/k/a FU QUAN,
                                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-02-cr-00684-005)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2020

Before: AMBRO, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 20, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lorenzo Hardwick appeals from the District Court's order denying his motion for a sentence reduction pursuant to Section 404 of the First Step Act. We will vacate and remand for further proceedings.

I.

In 2006, Hardwick was convicted of federal offenses relating to his involvement with a gang that distributed controlled substances in Camden, New Jersey. His convictions included, as relevant here, a conviction under Count One of the superseding indictment of conspiring to distribute and possessing with the intent to distribute one kilogram or more of heroin and 50 grams or more of cocaine base (i.e., crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

At the time of Hardwick's conduct and sentencing, §841(a)(1) offenses involving 50 grams or more of crack cocaine triggered a statutory minimum sentence of 10 years in prison and a maximum of life. See 28 U.S.C. § 841(b)(1)(A) (2002 version). Hardwick's Sentencing Guidelines range also called for a sentence of life imprisonment.[1] The District Court imposed that life sentence, and we affirmed in relevant part. See United States v. Hardwick, 544 F.3d 565, 575 (3d Cir. 2008).[2]

---

[1] Hardwick's Guidelines range of life imprisonment was the product of his criminal history category of VI and his offense level of 45, which in turn was the product, inter alia, of the fact that the offense involved an uncharged first-degree murder. See U.S.S.G. § 2D1.1(d)(1) (cross-referencing U.S.S.G. § 2A1.1).

[2] The District Court also imposed consecutive terms of 60 months and 300 months for Hardwick's convictions under Counts Five and Six of firearm offenses under 18 U.S.C.

2

Two subsequent legal developments gave rise to the motion presently under review. First, Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As part of that Act, Congress increased from 50 grams to 280 grams the quantity of crack cocaine necessary to trigger the statutory range of 10 years to life under which Hardwick was sentenced. See United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011); 21 U.S.C. § 841(b)(1)(A)(iii). Following that Act, a conviction like Hardwick's involving between 28 and 280 grams of crack cocaine now triggers a statutory sentencing range of only five to 40 years. See 21 U.S.C. § 841(b)(1)(B)(iii).

Second, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act provides a mechanism for defendants who were sentenced under a statute amended by the Fair Sentencing Act to seek a sentence reduction. See United States v. Jackson, 945 F.3d 315, 318 (5th Cir. 2019); United States v. Beamus, 943 F.3d 789, 791 (6th Cir. 2019) (per curiam); United States v. Wirsing, 943 F.3d 175, 180 (4th Cir. 2019). The relevant provisions of Section 404 are set forth in the margin.[3] In contrast to motions for sentence reductions pursuant

§ 924(c). We remanded for the District Court to vacate the second § 924(c) conviction and resentence Hardwick accordingly. See Hardwick, 544 F.3d at 574-75. The District Court did so and resentenced Hardwick to consecutive terms of life and 60 months of imprisonment. We affirmed. See United States v. Hardwick, 455 F. App'x 151 (3d Cir. 2011). The order under review recites Hardwick's initial sentence but does not reflect the vacation of his conviction and 300-month sentence on Count Six.

[3] Section 404 provides, with limitations not relevant here, that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3

3

to Guidelines amendments, which are authorized by 18 U.S.C. § 3582(c)(2), motions for sentence reductions pursuant to the First Step Act are authorized by 18 U.S.C. § 3582(c)(1)(B).  See Wirsing, 943 F.3d at 183-85.

On the basis of these developments, Hardwick filed pro se the motion for a sentence reduction at issue here.  He argued that Section 404 renders him eligible for a reduced sentence.  He also argued that the District Court should conduct a plenary and in-person resentencing and should consider, inter alia, his post-sentencing conduct.

The District Court, without calling for a response from the Government, summarily denied Hardwick's motion.  In doing so, the District Court did not discuss the provisions of the First Step Act or how the Fair Sentencing Act relates to Hardwick's statutory sentencing range.  The District Court also did not address Hardwick's arguments regarding the availability and scope of resentencing.  Instead, and with little explanation, the District Court denied Hardwick's motion on the sole ground that the

---

of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act of 2018, § 404(b), 132 Stat. at 5222.  Section 404 further defines "covered offense" in relevant part as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act[.]"  Id., § 404(a).  Section 2 of the Fair Sentencing Act is the section that increased from 50 grams to 280 grams the quantity of crack cocaine necessary to trigger the sentencing range of 10 years to life under which Hardwick was sentenced.  See Fair Sentencing Act of 2010, § 2(a)(1), 124 Stat. at 2372.

First Step Act and Fair Sentencing Act "would not affect the calculation of petitioner's offense level" under the Guidelines. Hardwick appeals.[4]

## II.

Hardwick seeks a reduction in the life sentence that the District Court imposed for his conviction of conspiring to violate §§ 841(a)(1) and 841(b)(1)(A). Although a life sentence was statutorily authorized when the District Court sentenced Hardwick, the Fair Sentencing Act has since reduced the statutory penalty for crack cocaine offenses like his to a term of five to 40 years. Hardwick's motion under the First Step Act required the District Court to assess his request for a sentence reduction in light of that change to the statutory scheme. See Beamus, 943 F.3d at 791-92; Wirsing, 943 F.3d at 185; McDonald, 944 F.3d at 772.

The District Court, however, focused solely on Hardwick's offense level under the Sentencing Guidelines, which was relevant to Hardwick's Guidelines range and which the Fair Sentencing Act did not change. Whether a defendant's Guidelines range has changed is a determinative factor in adjudicating motions for sentence reductions pursuant to Guidelines amendments. See 18 U.S.C. § 3582(c)(2). The defendant's

---

[4] We have jurisdiction under 28 U.S.C. § 1291. We have not yet decided our standard for reviewing rulings on motions under the First Step Act. Other Courts of Appeals have reviewed such rulings for abuse of discretion, see Jackson, 945 F.3d at 319 & n.2; United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019), which is the same standard that we apply to motions for sentence reductions under § 3582(c)(2), see United States v. Rodriguez, 855 F.3d 526, 529 (3d Cir. 2017). We need not decide this issue in this case, however, because we would remand under any potentially applicable standard of review.

Guidelines range, however, is not determinative of motions for sentence reductions under the First Step Act and § 3582(c)(1)(B). See McDonald, 944 F.3d at 772; Beamus, 943 F.3d at 791-92.

The Government argues that we should nevertheless affirm on this ground because Hardwick's offense level was a permissible basis for the District Court's exercise of discretion. That may well be the case. See Beamus, 943 F.3d at 792. From the District Court's cursory discussion, however, we cannot tell whether it viewed Hardwick's offense level merely as a relevant factor or whether it erroneously viewed his offense level as determinative. Similarly, the District Court did not address Hardwick's other arguments for a reduction in sentence, including his argument that the District Court should consider his post-sentencing conduct. We express no opinion on that issue, but other courts have held that District Courts may indeed consider such conduct in evaluating motions under the First Step Act. See United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019); see also Jackson, 945 F.3d at 321-22 & n.7 (holding that District Courts need not consider such conduct but declining to hold that they cannot do so). We believe that the District Court should address these issues in the first instance. See Beamus, 943 F.3d at 792.

Finally, the Government also argues that we should affirm on the alternate ground that Hardwick was statutorily ineligible for a sentence reduction under the First Step Act because he was not convicted of a "covered offense." If Hardwick's conviction had

involved 50 grams of crack cocaine alone, then there would be no question that his conviction was for a covered offense because the Fair Sentencing Act modified the statutory penalties for offenses involving that amount. See First Step Act, § 404(a).

As the Government argues, however, Hardwick's conviction also involved at least one kilogram of heroin and one kilogram of heroin still triggers a statutory sentencing range of 10 years to life even after the Fair Sentencing Act. See 21 U.S.C. § 841(b)(1)(A)(i). Thus, the Government argues, Hardwick has not been convicted of a covered offense and is not even eligible for consideration under the First Step Act.

The parties have not cited, and we have not located, any appellate authority addressing this issue. Cf. Wirsing, 943 F.3d at 182-83 (holding that whether a defendant was convicted of a "covered offense" under the First Step Act turns solely on the statute of conviction and not the defendant's specific conduct). In particular, we have not located any appellate authority addressing whether a hybrid conviction like Hardwick's renders a defendant statutorily ineligible for consideration under the First Step Act or whether such a conviction is instead a factor that the District Court can consider in the exercise of its discretion. Cf. id. at 186 ("There is no indication that Congress intended a complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis."). As the Government acknowledges, there is a spilt of District Court authority

on this issue and at least one District Judge in this Circuit has taken the latter approach in granting motions under the First Step Act despite similar hybrid convictions.[5]

We decline to decide this issue in the first instance in this case. As an initial matter, it appears that the District Court was aware of this issue but chose not to rely on it in ruling on Hardwick's motion.[6] The District Court also conceivably could rule on Hardwick's motion without reaching this issue. Moreover, if the District Court were to reach this issue, the District Court could conclude that its relevance turns on the evidence and sentencing considerations specific to this case. See, e.g., Mack, 404 F. Supp. 3d at 883 (looking to the trial and sentencing records to determine whether it was crack cocaine, as opposed to another substance, that "drove the original sentence").

We express no opinion on that approach, and we otherwise decline to reach the Government's argument on this point. Instead, as with the other issues noted above, we

---

[5] See United States v. Mack, 404 F. Supp. 3d 871, 883-85 (D.N.J. 2019); United States v. Opher, 404 F. Supp. 3d 853, 865-67 (D.N.J. 2019); United States v. Mack, No. 00-323-02, 2019 WL 3297495, at *11-13 (D.N.J. July 23, 2019); United States v. Hawkins, No. 00-323-05, 2019 WL 3297497, at *11-13 (D.N.J. July 23, 2019). The Government has appealed from those rulings at C.A. No. 19-3841 but, as of this writing, it is not clear whether that appeal will proceed.

[6] Hardwick's co-defendant Allen Resto was convicted of the same count involving both heroin and crack cocaine and, like Hardwick, received a life sentence. Resto too filed a motion for a sentence reduction under the First Step Act, and the District Court denied it on the ground that the heroin aspect of his conviction still triggers a sentencing range of 10 years to life. (D.N.J. Crim. No. 1-02-cr-00684-003, ECF No. 542.) The District Court did not specify the legal significance of that fact, however, and Resto did not appeal.

8

believe it best for the District Court—which did not have the benefit of the Government's position—to address this issue if necessary in the first instance.

III.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings. Hardwick's motion to supplement the record is denied as unnecessary.[7]

---

[7] Hardwick seeks to supplement the record with a copy of the District Court's decision in Mack. He does not seek to introduce any new evidence, and our consideration of legal authority does not require supplementation of the record.