# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30880

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIE JONES, JR., also known as Gator, also known as G.,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-108-1

Before STEWART, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Willie Jones, Jr., appeals the district court's denial of his motion for a sentence reduction under the First Step Act. For the reasons stated herein, we affirm.

## I. Facts & Procedural History

In 2011, Jones was convicted of (1) one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846; (2) two

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30880

counts of unlawful travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a); and (3) two counts of unlawful use of communications facilities in violation of 21 U.S.C. § 843(b). The district court sentenced Jones to 327 months of imprisonment for the cocaine count, 60 months for the unlawful travel counts, and 48 months for the unlawful use counts, with all terms to run concurrently. This court dismissed Jones's direct appeal as frivolous. *See United States v. Jones*, 462 F. App'x 438, 438–39 (5th Cir. 2012). Jones subsequently filed for habeas relief under 28 U.S.C. § 2255 and that proceeding was also unsuccessful. In 2014, Jones moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. The district court granted Jones's motion and reduced his aggregate prison term from 327 to 262 months.

In 2019, Jones filed the motion at issue in this appeal seeking to obtain a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The reviewing probation officer observed that the law related to offenses involving crack had changed in 2010 with the Fair Sentencing Act. A higher amount of crack was now necessary to trigger the 10-year mandatory minimum prison sentence that was applied in Jones's case, and the First Step Act made the 2010 law retroactive. Nevertheless, the officer noted that the law related to powder cocaine offenses had not changed and Jones's offense involved both powder cocaine and crack. The officer concluded that because the amount of powder cocaine involved in Jones's offense was sufficient to trigger the 10-year mandatory minimum irrespective of the amount of crack involved, he was ineligible for a reduction.

Jones, through the Federal Public Defender ("FPD"), objected, noting that numerous district courts have held that a hybrid offense involving both powder cocaine and crack did not render the defendant ineligible for a sentence

2

No. 19-30880

reduction. Additionally, the FPD argued that various other factors warranted a sentence reduction, including Jones's attempts to better himself in prison.

In considering the 18 U.S.C. § 3553(a) factors, the district court explained:

> The Court denies the defendant's motion for a downward variant sentence regardless of whether he is eligible for relief under the First Step Act. The defendant's statutory and guideline provisions are unaffected by the First Step Act, and he previously received a top of the guideline sentence at his original sentencing and when he was granted a sentence reduction pursuant to Amendment 782. As such, the Court does not believe a downward variant sentence is appropriate in this case.

Jones filed this appeal.

## II. Standard of Review

We review a district court's denial of a motion for sentence reduction under the First Step Act for abuse of discretion. *See United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019). To the extent the district court's decision turned on its interpretation of the statute, we review de novo. *Id.*

## III. Discussion

Section 404 of the First Step Act gives courts the discretion to apply the Fair Sentencing Act of 2010 to reduce a prisoner's sentence for certain covered offenses. *See United States v. Hegwood*, 934 F.3d 414, 416–17 (5th Cir. 2019). An offense qualifies as covered if it was committed before August 3, 2010, and violated a federal criminal statute containing penalties that were modified by section 2 or 3 of the Fair Sentencing Act of 2010. *See id.* at 416. Relevant here, Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii), in pertinent part, by increasing the amount of crack required to trigger the statutory imprisonment range of 10 years to life from 50 to 280 grams. *See* Fair

No. 19-30880

Sentencing Act of 2010, Pub. L. 111-220, § 2(a)(1), 124 Stat. 2372 (2010); *Jackson*, 945 F.3d at 318 & n.1.

Section 841(b) sets out the statutory penalties for Jones's § 846 drug conspiracy conviction. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 754 (5th Cir. 2012) (noting that § 841 sets out the substantive crime and penalties for § 846 conspiracies). Jones committed his offense between July 20, 2006, and August 6, 2008, and it involved five kilograms or more of powder cocaine and 50 grams or more of crack. Under the applicable versions of § 841, both the powder cocaine and crack amounts supported the imprisonment range of 10 years to life.

Given that Section 2 of the Fair Sentencing Act did not alter the amount of powder cocaine required to trigger the higher statutory imprisonment range, the question here is whether the district court abused its discretion in denying Jones's motion for a sentence reduction under the First Step Act given the favorable change in the law for crack offenses. We hold that it did not.

The district court was not required to reduce Jones's sentence pursuant to his motion under the First Step Act. *See* First Step Act, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Rather, the court exercised its broad discretion not to grant Jones yet another sentence reduction. *See Hegwood*, 934 F.3d at 418 (noting that "Section 404(b) [] states that the court *may* reduce a sentence for a covered offense, giving it discretion." (emphasis in original)). Although Jones devotes much of his argument on appeal to the point that district courts are split on the issue of whether hybrid offenses involving crack and powder cocaine render a defendant ineligible for a sentence reduction under the First Step Act, this does not change our analysis. "That [a defendant] is eligible for resentencing does not mean he is entitled to it." *Jackson*, 945 F.3d at 321 (quoting *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019)). As the

No. 19-30880

district court reasoned, Jones "previously received a top of the guideline sentence at his original sentencing when he was granted a sentence reduction pursuant to Amendment 782." On this basis, it reasonably concluded that a further sentence reduction was not appropriate. Moreover, the district court had no obligation to consider Jones's post-sentencing conduct in evaluating his motion for a sentence reduction. *Id.* at 321 (citing *Hegwood*, 934 F.3d at 418). As we have explained, the First Step Act does not contemplate a "plenary resentencing." *See Hegwood*, 934 F.3d at 418 ("The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act."). The district court did not abuse its discretion in denying Jones's motion for a sentence reduction under the First Step Act.

## IV. Conclusion

The district court's judgment is AFFIRMED.