**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0586n.06

Case No. 19-1984

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| | | **FILED**<br>Oct 16, 2020<br>DEBORAH S. HUNT, Clerk |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DARRELL MITCHELL, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |

BEFORE: ROGERS, SUTTON, and STRANCH, Circuit Judges.

SUTTON, J., delivered the opinion of the court in which ROGERS and STRANCH, JJ., joined. STRANCH, J. (pp. 6–7), delivered a separate concurring opinion.

SUTTON, Circuit Judge. Darrell Mitchell is serving a 360-month sentence for a conspiracy to convert powder cocaine into crack cocaine. He moved for resentencing under the First Step Act of 2018, which retroactively lowered the statutory penalties for crack-cocaine offenses. But the dual nature of Mitchell's offense, the district court ruled, made him ineligible. We reverse because it appears that Mitchell was sentenced only for a crack-cocaine offense.

From at least 1998 to 2004, Mitchell was part of a conspiracy to buy and sell drugs in the Grand Rapids area. Part of the conspiracy involved purchasing large quantities of powder cocaine and converting that powder into cocaine base, often called crack cocaine. *See United States v. Mitchell*, 295 F. App'x 799, 800 (6th Cir. 2008).

A grand jury charged Mitchell with conspiracy to distribute five kilograms of powder cocaine, 50 grams of crack cocaine, and an unstated amount of marijuana. At the time, a conspiracy offense involving five kilograms of powder cocaine had the same statutory penalty as a conspiracy offense involving 50 grams of crack cocaine: ten years to life. 21 U.S.C. § 841(b)(1)(A) (2002). Mitchell pleaded guilty on the day of trial. At sentencing, the district court "limit[ed]" Mitchell's offense to crack cocaine. R.614 at 163. From the 4.2 kilograms of crack cocaine attributable to Mitchell, the district court calculated a Guidelines range of 360 months to life imprisonment. It imposed a 360-month sentence, which Mitchell began serving in 2007.

Generally speaking, a district court "may not modify" a sentence after imposing it. 18 U.S.C. § 3582(c). But two legal developments since Mitchell's sentencing potentially pry the door open to a reduced sentence.

The first development came with the Fair Sentencing Act of 2010, which modifies the statutory penalties for crack-cocaine offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372. It increases the quantity of crack cocaine required to trigger a 10-year mandatory minimum sentence from 50 grams to 280 grams. *See id.* But the Act offers Mitchell no help because it does not apply retroactively. *See United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc).

The second development came with the First Step Act of 2018. It permits a court that sentenced a defendant for an offense for which "the statutory penalties . . . were modified" by the Fair Sentencing Act to "impose a reduced sentence as if" the Fair Sentencing Act were "in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(a)–(b), 132 Stat. 5194, 5222. It thus allows courts to apply § 2(a) of the Fair Sentencing Act retroactively. *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (per curiam).

Mitchell requested resentencing under the First Step Act. The district court denied his request, concluding that Mitchell pleaded guilty to an offense that included five kilograms of powder cocaine, the "statutory penalty [for which] remains unchanged," making Mitchell ineligible for relief. R.1265 at 2. This appeal followed.

At stake is whether the Fair Sentencing Act "modified the statutory range for his offense." *Beamus*, 943 F.3d at 792. Because the Fair Sentencing Act modified the statutory ranges for crack-cocaine offenses, but not for powder-cocaine offenses, we first must ask whether the sentencing court "imposed a sentence" solely for a crack-cocaine offense or for a hybrid offense involving powder and crack cocaine. First Step Act of 2018, § 404(b).

Mitchell's sentencing record suggests that the district court imposed a sentence solely for a crack-cocaine offense. At the sentencing hearing, the district court twice referred to his offense as "conspir[acy]" to "possess[] with intent to distribute or to distribute 50 grams or more of crack cocaine." R.614 at 163–64. The final written judgment connects his penalty to a crack-cocaine statutory provision and does not list a penalty provision for powder cocaine.

The Fair Sentencing Act modified the statutory penalty for the offense of conspiracy to distribute 50 grams or more of crack cocaine. When Mitchell was sentenced, this triggered a statutory penalty range of 10 years to life. After the Fair Sentencing Act, it triggers a range of five years to 40 years. Because the Fair Sentencing Act modified the statutory penalty range for Mitchell's offense, he is eligible for, though not necessarily entitled to, a reduced sentence. *Beamus*, 943 F.3d at 792; *United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020).

It's true, as the government notes, that Mitchell was charged with, and admitted to, the offense of conspiracy to distribute 50 grams of crack cocaine *and* five kilograms of powder cocaine. But at the change-of-plea hearing, the district court deferred its acceptance of the plea

agreement until it reviewed the presentence report. At sentencing, the district court "limit[ed]" the conspiracy to "possession with intent to distribute or to distribute 50 grams or more of crack cocaine." R.614 at 163. In its view, this was the charge to which Mitchell pleaded guilty. When the court made drug-quantity findings, it found Mitchell responsible for only 4.7 kilograms of powder cocaine, which suggests it did not impose a sentence for distributing five kilograms or more of powder cocaine. *Mitchell*, 295 F. App'x at 801. All in all, the record shows that the district court imposed a sentence for an offense that involved only crack cocaine, not for a hybrid offense involving crack and powder cocaine.

That the district court made drug-quantity findings about powder cocaine does not show that it sentenced Mitchell for a powder-cocaine offense. The point of the conspiracy was to convert powder cocaine into crack cocaine. That reality allowed the district court to calculate the crack-cocaine quantities by ascertaining the amount of powder cocaine involved and discounting that amount by 10 percent to account for the cooking process. *Id.* at 802. Its powder-cocaine findings thus simply became an input in the crack-cocaine calculation.

One potential explanation for what happened is a statement by Mitchell's counsel in his brief before the district court, namely that "there is no statutory change that would benefit Mr. Mitchell after the First Step Act." R.1252 at 6. The district court noted this admission in denying a reduction. But we don't think Mitchell meant to waive his eligibility argument. He was trying to make a different point. He did not reference the lack of a statutory change in his brief's eligibility section; he did so when discussing the discretionary decision to reduce his sentence. It appears he was merely acknowledging that the quantity of crack cocaine attributed to him at sentencing, 4.2 kilograms, would still trigger the same statutory penalty today. But quantity findings for an offense go to the court's discretionary determination, not its eligibility

determination.  *Boulding*, 960 F.3d at 781.  Confirming the point, the government does not argue on appeal that the district court's 4.2-kilograms-of-crack finding makes Mitchell ineligible for a sentence reduction.  The government, at any rate, does not ask us to decide the case on forfeiture grounds.  Reliance on a forfeiture can itself be forfeited.  *United States v. Turner*, 602 F.3d 778, 783 (6th Cir. 2010).

Mitchell urges us to decide that the First Step Act covers hybrid or "multi-object" offenses, such as conspiracy to distribute five kilograms of powder cocaine and 50 grams of crack cocaine. *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020).  But there is no reason to reach this issue here because the record suggests that the district court imposed a sentence solely for a crack-cocaine offense.

We reverse and remand to give the district court an opportunity to exercise its discretion to reduce Mitchell's sentence.

JANE B. STRANCH, Circuit Judge, concurring. I agree with my colleagues that the district court imposed Mitchell's sentence solely for a crack-cocaine offense, making him eligible for First Step Act relief. *See United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020) ("[E]ligibility for resentencing under the First Step Act turns on the statute of conviction alone."); *United States v. Jones*, 962 F.3d 1290, 1302 (11th Cir. 2020) (holding that defendant charged with crack-cocaine and powder-cocaine offenses was eligible for First Step Act relief when his "final judgment list[ed] both offenses as solely crack-cocaine offenses, and the district court's drug-quantity finding involved only crack cocaine"). So, we need not decide whether a "hybrid" or "multi-object" offense—in which "the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not"— is a "covered offense" for First Step Act purposes. *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020).

I write separately to clarify that in my view, the question "we first must ask" in this case is "whether the sentencing court 'imposed a sentence' solely for a crack-cocaine offense," full stop. Op. at 3 (quoting First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222). Because the answer is yes, our job is done. We have not yet ruled on the effect of a hybrid offense on eligibility for First Step Act relief, and this crack-cocaine-only case is not the appropriate vehicle for making that decision. *See United States v. Hardwick*, 802 F. App'x 707, 711 (3d Cir. 2020) (distinguishing between statutory ineligibility and "a factor that the District Court can consider in the exercise of its discretion" to reduce a sentence"); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019) ("There is no indication that Congress intended a complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis."), *as amended* (Nov. 21, 2019).

For when we do have occasion to reach the hybrid conviction issue, however, I note that our sister circuits that have considered it have uniformly found defendants with hybrid convictions eligible for First Step Act relief.[1] The Fourth Circuit "see[s] nothing in the text of the [First Step] Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act" to be eligible. *Gravatt*, 953 F.3d at 264; *see also Wirsing*, 943 F.3d at 186. Emphasizing that only one covered offense is needed, the Seventh Circuit explains that "a defendant's conviction for a covered offense is a threshold requirement of *eligibility* for resentencing on an aggregate penalty." *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020). The Eleventh Circuit has similarly found a defendant eligible when "at least some of [his] . . . convictions were covered offenses." *United States v. Shaw*, Nos. 19-12846, 19-12921, 2020 WL 5909494, at *2 (11th Cir. Oct. 6, 2020).[2]

This approach makes sense. "Sentences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences imposed for non-covered offenses." *Hudson*, 967 F.3d at 611. And "if Congress intended for the [First Step] Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not." *Gravatt*, 953 F.3d at 264. I would likewise "decline to expand the limitations crafted by Congress." *Id.* Because this case does not squarely present the hybrid conviction issue for our review, however, it is best left for another day.

---

[1] Of course, eligibility for First Step Act relief is not synonymous with entitlement to that relief. That decision is entrusted to the discretion of the district court. *Boulding*, 960 F.3d at 782.

[2] Elsewhere, the Eleventh Circuit has proceeded as if assuming the same conclusion, albeit without substantial discussion. *United States v. Samuel*, No. 19-13400, 2020 WL 4782373, at *3 (11th Cir. Aug. 18, 2020); *see also United States v. Jones*, 821 F. App'x 324 , 324 (5th Cir. 2020) (similar). The issue is currently before the Eighth and Ninth Circuits as well. *United States v. Spencer*, Nos. 19-2685, 19-2691 (8th Cir. Mar. 6, 2020) (order requesting supplemental briefing); *United States v. Medina*, No. 20-50025 (9th Cir. June 26, 2020) (appellant's brief).