# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2021

Lyle W. Cayce
Clerk

No. 19-10504

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-287

Before Jones, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Christopher Williams appeals the district court's denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Initially, the district court concluded that Williams was ineligible for resentencing. Williams appealed, correctly arguing that he is eligible for resentencing. "'That [Williams] is eligible for resentencing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10504

does not mean he is entitled to it,' however." *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) (quoting *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019)). District courts have "broad discretion" in determining whether or not to grant a sentence reduction under the First Step Act. *Id.* On remand, after weighing the factors of 18 U.S.C. § 3553(a), the district court declined to exercise that discretion and denied Williams's motion.

We review a district court's denial of a motion for a sentence reduction under the First Step Act for abuse of discretion. *See id.* at 319. "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017) (quotation omitted). Williams has not shown that the district court based its decision on an error of law. Nor has he shown that the district court relied on a clearly erroneous assessment of the evidence. In fact, Williams admits to many of the disciplinary infractions that the district court relied on when denying his motion. Accordingly, we affirm the judgment of the district court.