NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0315n.06

Case No. 20-5458

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jul 06, 2021<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOE BILLY RUSSELL, JR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: ROGERS, DONALD, and BUSH, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** In this case, Defendant-Appellant Joe Billy Russell argues that the district court abused its discretion when it denied Russell's request for a reduced sentence under § 404 of the First Step Act. In light of the Supreme Court's decision in *Terry v. United States*, we AFFIRM.

On February 29, 2008, Russell was charged with possession of a schedule II substance after police found 5.2 grams of crack cocaine in a car in which Russell was a passenger. In 2009, as that charge was still pending, law enforcement learned through an informant that the day before the 2008 arrest, Russell had sold 3.5 grams of crack to the informant. Subsequently, law enforcement conducted a controlled buy of 0.4 grams of crack from Russell. Russell was thus held responsible for a total of 9.1 grams of crack.

Russell was then charged with two counts in the Eastern District of Tennessee. Count One—based on the 2008 allegations—charged Russell with possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2006 & Supp. IV). Section 841(b)(1)(B)(iii) at the time applied to possession of 5 grams or more of cocaine. Count Two—based on the 2009 controlled buy of 0.4 grams—charged Russell with one count of distribution of an unspecified amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The government filed a notice under 21 U.S.C. § 851(a)(1) of its intent to use prior felony convictions (dating back to 1993 and 1994) to enhance Russell's sentence. In July of 2010, Russell pleaded guilty to Count Two. The district court granted the government's motion to dismiss Count One.

Before Russell's sentencing, Congress passed the Fair Sentencing Act. Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). The statute was passed on August 3, 2010, and the Supreme Court held that the revised penalties applied "to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Dorsey v. United States*, 567 U.S. 260, 264, 273 (2012). The Fair Sentencing Act arose from frequent criticism of the crack-to-powder mandatory minimum ratio of 100 to 1. *Id.* at 268. Accordingly, the Act increased the drug amounts applicable to 21 U.S.C. § 841(b)(1)(A) and (B). Under § 841(b)(1)(A), the necessary minimum drug quantity increased from 50 grams to 280 grams, and under § 841(b)(1)(B), the necessary minimum quantity increased from 5 to 28 grams. *Id.* at 269. After the Act's passage, the Sentencing Commission promulgated "conforming emergency Guidelines amendments[.]" *Id.* These revised Guidelines became effective on November 1, 2010. *Id.*

Russell was sentenced that very same day. The Probation Office prepared the PSR using the 2008 Guidelines Manual, i.e., the one in place at the time of Russell's 2009 offense and not

that in effect at the time of his sentencing. Under those old Guidelines, the ordinary base level for an offense involving the 9.1 grams of crack in this case was 24. U.S.S.G. § 2D1.1(c)(8) (2008). However, because Russell was previously convicted of felony drug offenses, he was classified as a career offender pursuant to U.S.S.G. § 4B1.1. Because of that classification, Russell's offense level was tied to the maximum statutory penalty for his offense of conviction, 30 years, and his base offense level increased to 34. U.S.S.G. § 4B1.1; 21 U.S.C. § 841(b)(1)(C) (2006 & Supp. IV). Russell's base offense level was adjusted downward by 3 based on his acceptance of responsibility, yielding a total offense level of 31. Given his criminal history category of VI, the Guidelines range was 188 to 235 months.

At sentencing, all sides believed that the new Guidelines—in effect as of that very day—did *not* apply to Russell. This belief arose from then-existing Sixth Circuit precedent holding that the Fair Sentencing Act was not retroactive. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Both sides also believed that the new statutory changes would not have affected Russell because of his status as a career offender. The district court told Russel that "it's clear to me from viewing this that what is driving these long sentences is your status as a so-called career offender and that the crack versus powder cocaine thing wouldn't have any [e]ffect on that[.]" The district court did, however, also note that Russell "would have received some leniency if he had committed these crimes today"—in other words, the district court believed that the Fair Sentencing Act may have provided Russell "some leniency" but that the Act did not because Russell's conduct occurred before the Act became effective. The district court imposed a sentence of 188 months, noting that "the best I can do for you is give you a sentence at the bottom of your range."

In 2018, Congress passed the First Step Act, which made retroactive the Fair Sentencing Act's statutory changes to crack cocaine sentences. *United States v. Boulding*, 960 F.3d 774, 777

(6th Cir. 2020). The First Step Act, among other things, allows district courts to reduce a defendant's sentence if the defendant's offense is a "covered offense" as defined in § 404. *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019).

Soon after the Act's passage, Russell filed a *pro se* motion for a reduction in his sentence pursuant to § 404. In that motion, Russell asserted that the district court at his sentencing used the incorrect version of the Guidelines and that if the 2010 Guidelines had been applied, his base offense level would have been 18. Russell also highlighted the district court's statement at sentencing that the district court felt it could apply "some leniency" to Russell but for the lack of retroactivity of the Fair Sentencing Act. Finally, Russell provided evidence of his rehabilitative efforts while incarcerated. Russell was later appointed counsel, who filed a supplemental motion that argued Russell's conviction under 21 U.S.C. § 841(b)(1)(C) was a "covered offense" because the First Step Act requires courts to ask only whether the "statutory penalties" for the statute of conviction were modified by the Fair Sentencing Act, not whether any particular defendant's sentence might have been different in light of that defendant's violation. The government responded by arguing that the Fair Sentencing Act did not modify Russell's statute of conviction, § 841(b)(1)(C), because that offense of conviction did not specify any particular drug quantity, meaning the Fair Sentencing Act's amendments to the crack quantity requirements did not affect § 841(b)(1)(C).

The district court denied Russell's motion, explaining that Russell's Guidelines range has not changed since his sentencing. The district court summarily noted that the sentencing judge "considered the factors set forth in § 3553(a) and sentenced [Russell] to the bottom of the [G]uidelines range. The Court declines to effectively grant [Russell] a variance by reducing his

sentence now." The district court did not address Russell's arguments regarding his rehabilitation efforts.

Russell then appealed, but soon before arguments were conducted, the Supreme Court granted certiorari in *Terry v. United States*, a case considering the same question presented here: whether a conviction under § 841(b)(1)(C) is a "covered offense." No. 20-5904, 593 U.S. ---, --- S. Ct. ---, 2021 WL 2405145 (June 14, 2021). The panel granted the United States' motion to hold the case in abeyance pending the Supreme Court's resolution of *Terry*. In that case, the Supreme Court resolved the question, holding that the relevant Fair Sentencing Act provision modified the statutory penalties only for § 841(b)(1)(A) and 841(b)(1)(B), but *not* for § 841(b)(1)(C). Because Russell's conviction was under § 841(b)(1)(C), *Terry* makes clear that the Fair Sentencing Act did not modify the statutory penalties for Russell's conviction, such that Russell's offense is not a "covered offense" under the First Step Act. Because his offense is not a covered offense, Russell is ineligible for a sentence reduction. We therefore affirm.