NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0060n.06

Case No. 21-3543

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>ANTONIO WYNN,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>O P I N I O N</td></tr>
</table>

**FILED**
Jan 31, 2023
DEBORAH S. HUNT, Clerk

Before: SUTTON, Chief Judge; STRANCH and DAVIS, Circuit Judges.

I.

**DAVIS, Circuit Judge.** This matter returns to us after we previously remanded to the district court for resentencing. We previously held that Antonio Wynn was eligible for resentencing under § 404(a) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). *See United States v. Wynn*, 844 F. App'x 858, 859 (6th Cir. 2021). On remand, the district court properly acknowledged Wynn's eligibility but found his sentence was not subject to reduction because the retroactivity clause of the Act, § 404(b), resulted in the same advisory Guidelines sentencing range. In doing so, the district court relied on Wynn's stipulation at the time of his plea that his conduct involved 44.7 grams of cocaine base, rather than the statutory triggering amount of 5 grams to which he pleaded guilty. As such, it did not recalculate the Guidelines range in a manner consistent with the approach we set forth in *United States v.*

*Boulding*, 960 F.3d 774 (6th Cir. 2020), which is controlling here. We, therefore, remand again for the limited purpose of resentencing in accordance with *Boulding*.

## II.

As an initial matter, *Boulding* provides a helpful starting point. In that case, we determined that a defendant's eligibility for a reduced sentence under the First Step Act turns on whether the defendant was convicted of a "covered offense" as set forth in § 404(a). The term "covered offense" means a "violation of a Federal criminal statute, the statutory penalties for which were modified by…the Fair Sentencing Act." *Boulding*, 960 F.3d at 777 (quoting § 404(a)). We concluded that (1) because the term "statutory penalties" refers back to "Federal criminal statute" and not to "violation"; and (2) because the word "statutory" modifies "penalties," Congress clearly intended to refer to the statute under which a defendant was convicted rather than the specific conduct of the defendant. *Id*. at 779-82. We therefore rejected the idea that the court should look to the case record as a whole to glean the quantity of drugs comprising the defendant's actions in assessing the existence of a covered offense. *Id*. That is, the sentencing court may not turn to the sentencing findings, plea agreement, trial record, or presentence report to determine the drug quantity that would trigger the statutory penalty under the higher thresholds established by the Fair Sentencing Act. *Id*. Instead, whether a higher quantity drug threshold renders a defendant eligible for resentencing under the First Step Act "turns on the statute of conviction alone." *Id*. at 781; *see also United States v. Beamus*, 943 F.3d 789 (6th Cir. 2019) (eligibility turns on the statute of conviction for career offenders just as for non-career offenders). As such, a comparison of the threshold drug amounts listed in the statutes themselves should inform the court about whether there has been a modification that justifies resentencing. This led us to our earlier conclusion that

the Fair Sentencing Act modified the statutory penalties for Wynn's statute of conviction, thus rendering him eligible for resentencing under the First Step Act. *Wynn*, 844 F. App'x at 859.

The same holds true for the retroactivity clause as the definition of "covered offense" is the same for both § 404(a) and § 404(b). The latter provision provides as follows:

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the *covered offense* was committed.

First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018) (emphasis added). In other words, for covered offenses, the sentencing court may impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time" the offense was committed. Here, Wynn was convicted of violating 21 U.S.C. §§ 841(a) and (b)(1)(B)(iii). At the time of his conviction, § 841(a)(1) provided that it was "unlawful for any person to knowingly or intentionally . . . possess with intent to manufacture, distribute, or dispense, a controlled substance," and § 841(b)(1)(B)(iii) provided that:

> (b) Except as otherwise provided in section 849, 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
>
> \* \* \*
>
> (1)(B) In the case of a violation of subsection (a) of this section involving—
>
> \* \* \*
>
> > (iii) 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base; . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment.
>
> \* \* \*

21 U.S.C. § 841 (effective July 27, 2006 to April 14, 2009). Thus, the elements of Wynn's statute of conviction were that Wynn (1) knowingly or intentionally possessed with intent to manufacture, distribute, or dispense, a mixture or substance containing crack and (2) the quantity of the mixture or substance containing crack was 5 grams or more. After the passage of the Fair Sentencing Act, the elements of Wynn's offense are covered in § 841(b)(1)(C), which is the statute of conviction for quantities less than 28 grams of crack. 21 U.S.C. § 841(b)(1)(C) (effective August 3, 2010 to December 20, 2018). The version of the statute in effect at the time of Wynn's original conviction subjected him to a sentence of 10 years to life based on 5 grams of crack and an enhancement under 21 U.S.C. § 851 for a prior felony drug conviction. But once the Fair Sentencing Act was passed, the threshold drug amount triggering the same sentence was raised to 28 grams of crack and offenses involving possession with intent to distribute 5 grams of crack became subsumed within § 841(b)(1)(C), which carries a penalty of only 0 to 30 years imprisonment for a defendant with a prior felony drug conviction. The changed statutory penalty also results in a significant change in the career offender Guidelines calculation applicable to Wynn because without a maximum statutory sentence of life imprisonment, his base offense level decreases. And while the decision whether to reduce a defendant's sentence under the First Step Act is a matter of discretion for the district court, accurately calculating the Guidelines is not.

## III.

The "First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Concepcion v. United States*, 142 S. Ct. 2389, 2402 n.6 (2022). This, the district court did not do. Importantly, the recalculated Guidelines range operates to "anchor" the sentencing proceeding. *Id.* (citing *Peugh v. United States*, 569 U.S. 530, 541 (2013)). Here, Wynn's potential resentencing was anchored

in the wrong place—a place that may have limited the district court's perspective about whether a reduced sentence was available within the advisory Guidelines range and what would constitute a departure or variance from that range. We **REMAND** this matter to the district court to recalculate the applicable Sentencing Guidelines and determine whether Wynn's sentence should be reduced.